UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| FRED NEKOUEE, individually, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Case No. 2:18-cv-02628 |
| | : |
| HRA FOUNTAINS, LP, a Delaware limited partnership; | : |
| | : |
| CHEESECAKE RESTAURANTS OF KANSAS LLC, a Kansas limited liability company; and | : |
| | : |
| THE CHEESECAKE FACTORY RESTAURANTS, INC., a California corporation; | : |
| | : |
| Defendants. | : |

_____

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, HRA FOUNTAINS, LP, a Delaware limited partnership; CHEESECAKE RESTAURANTS OF KANSAS LLC, a Kansas limited liability company; and THE CHEESECAKE FACTORY RESTAURANTS, INC., a California corporation; (sometimes referred to as "Defendants"), for declaratory and injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.      Defendant HRA Fountains, LP's property, is located at 6675 W. 119th Street, Overland Park, Kansas 66209, in Johnson County.

3.      The Defendant HRA Fountains, LP's property is located in and does business within this judicial district.

4.      The Defendant Cheesecake Factory Restaurants of Kansas LLC owns, leases, leases to, or operates The Cheesecake Factory restaurant located at 6675 W. 119th Street, Overland Park, Kansas 66209 ("The Cheesecake Factory").

5.      The Defendant The Cheesecake Factory Restaurants, Inc. owns, leases, leases to, or operates The Cheesecake Factory.

6.      Venue is proper in the District of Kansas, Kansas City Division because the situs of the Defendants' property, restaurant and store lie in this judicial district.

7.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   *See also* 28 U.S.C. § 2201 and § 2202.

8.      Defendants own, lease, lease to, or operate The Cheesecake Factory, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

9.      Defendants are responsible for complying with the obligations of the ADA.

10.     Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

11.     Mr. Nekouee travels to the Kansas City area every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships,

where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to visit his uncle or cousin who both live in such area.

12.     The Plaintiff, Fred Nekouee, has visited, bought goods, and sought to avail himself of the goods and services at The Cheesecake Factory on July 12, 2018, which form the basis of this lawsuit.

13.     Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at the property since it is close to and convenient to the heavy equipment auction and dealerships he visits, and to the home of his uncle and cousin he visits in the Kansas City area, and to the hotels he stays at in the Kansas City area.

14.     The Plaintiff visited The Fountains shopping center in March 2018 near the Cheesecake Factory.

15.     The Plaintiff also has visited the Kansas City area near The Cheesecake Factory in September 2018.

16.     The Plaintiff has definite plans to return to the Kansas City area in December 2018.

17.     The Plaintiff enjoys the menu at The Cheesecake Factory, and because it is a chain, he generally knows the quality of the food and the menu.

18.     The Plaintiff plans to return to dine at The Cheesecake Factory, but is deterred from eating there again until the barriers to access he encountered there are removed.

19.     The Plaintiff is deterred from returning to The Cheesecake Factory until it is made accessible to him in his wheelchair.

20.     The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access that the Plaintiff encountered at the property have endangered his safety in his

wheelchair, impaired his ability to access the property due to excessively steep slopes in parking spaces for the disabled, access aisles and walking surfaces, and have impaired and denied him the full use of the men's and women's restrooms in The Cheesecake Factory, and have impaired and denied his access to the goods and services at The Cheesecake Factory.

21.    The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

22.    The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

23.    Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair, and such excessively steep cross slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

24.    On his visit to The Cheesecake Factory, the Plaintiff encountered, excessively steep running slopes and cross slopes in its parking lot, access aisles, ramps and walking surfaces (sidewalks).

25.    The Plaintiff also encountered barriers to access in the men's and women's restrooms in The Cheesecake Factory.

26.    After encountering barriers to access in the men's restroom in The Cheesecake Factory, the Plaintiff tried the women's restroom there.

27.    The Plaintiff is deterred from visiting The Cheesecake Factory even though he enjoys their goods and services, because of the difficulties he will experience there until the property and place of public accommodation are made accessible to him in a wheelchair.

28.    The Plaintiff is deterred from visiting The Cheesecake Factory, a place of public

accommodation, even though it is close to the heavy equipment auction, heavy equipment dealerships, the home of his uncle and cousin in the Kansas City area, and to the hotels he stays at in such area, because of the difficulties he will experience there in the parking lot, access aisles, ramps, walking surfaces (sidewalks), and restrooms until the property is made accessible to him in a wheelchair.

29.    Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 35 of this Complaint.

30.    Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

31.    Fred Nekouee desires to visit The Cheesecake Factory not only to avail himself of the goods and services available at the property but also to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

32.    The Defendants have discriminated against the individual Plaintiff Fred Nekouee by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

33.    The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

34.    Preliminary inspections of The Cheesecake Factory show that violations exist.

35.    The violations that the Plaintiff, Fred Nekouee, personally encountered or observed on his visit to The Cheesecake Factory include, but are not limited to:

**PARKING AREA**

a.   In the parking lot, the running slope of the front section of the access aisle serving the disabled parking spaces is as steep as about 1:27.8 (3.6%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4. This steep slope made it very difficult for the Plaintiff, a disabled individual who requires a wheelchair for mobility, to stay stable while moving to and from The Cheesecake Factory.   This condition deters him and other disabled individuals like him who require the use of a wheelchair for mobility from visiting The Cheesecake Factory.

b.   As shown in the photographs below taken on July 12, 2018, the running slope of the walking surface toward The Cheesecake Factory is as steep as about 1:12.8, which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this steep slope while moving in his wheelchair and it made him unstable in his wheelchair.





c.   The cross slope of the walking surface from the accessible ramp to the restaurant is as steep as about 1:7.9 (12.7%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 403.3.   This steep slope makes it very difficult for a disabled individual who requires a wheelchair for mobility to stay stable while moving over this walking surface.   This condition deters him and other disabled individuals like him who require the use of a wheelchair for mobility from visiting The Cheesecake Factory.

d.   The running slope of the accessibility ramp is as steep as about 1:9.2 (10.9%),

which slope is steeper than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010, ADAAG § 405.2.  The Plaintiff encountered this condition, and it made him unstable in his wheelchair.  Such steep slope deters him and other disabled individuals who require a wheelchair for mobility from visiting The Cheesecake Factory.

e.    The running slope of the van accessibility ramp is as steep as about 1:9.9 (10.1%), which slope is steeper than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010, ADAAG § 405.2.   The Plaintiff observed this condition.   Such a steep slope deters him and other disabled individuals who require a wheelchair for mobility from visiting The Cheesecake Factory.

f.    The accessibility ramps do not have a landing at the top of the ramp run, in violation of Federal Law 2010, ADAAG § 405.7.   The Plaintiff encountered the lack of a landing at the top of a ramp run and this condition made it very difficult to maneuver his wheelchair.

g.    The slope of the surface within the entrance door required maneuvering space of 60 inches is as steep as about 1:18.5 (5.4%), which slope is steeper than the maximum allowed slope of 1:48 (2%) within the door maneuvering space, in violation of Federal Law 2010, ADAAG § 404.2.4.4.   As a result of the slope within the door maneuvering space, the Plaintiff slipped sideways in his wheelchair and required assistance to enter The Cheesecake Factory.

**INTERIOR FOOD SERVICE AND ENTRANCE DOOR**

h.    The force needed to open the entrance door to The Cheesecake Factory is about 12 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff had difficulty opening the

entrance door to The Cheesecake Factory, and he required assistance to open this door.

i.    The force needed to open the interior foyer door to The Cheesecake Factory is about 10 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff had difficulty opening this foyer door to The Cheesecake Factory, and he required assistance to open this door.

j.    Counter tops in The Cheesecake Factory are 40 inches above the finish floor and higher than the maximum allowed height of 36 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 904.4.1.   The Plaintiff encountered these high counter tops.

**MEN'S RESTROOM**

k.    The force needed to open the entrance door to the men's restroom in The Cheesecake Factory is about 10 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff had difficulty opening this door to the men's restroom in The Cheesecake Factory as a result of the force needed to open this door, and he required assistance to open this door.

l.    In the men's restroom in The Cheesecake Factory, the coat hook is installed at about 55 inches above the finish floor and higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.4.   As a result of its height above the finish floor, the Plaintiff could not use this coat hook from his wheelchair.

**WOMEN'S RESTROOM**

m.   The force needed to open the entrance door to the women's restroom in The Cheesecake Factory is about 12 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff had difficulty opening this door to the women's restroom in The Cheesecake Factory as a result of the force needed to open this door, and he required assistance to open this door.

n.   In the women's restroom in The Cheesecake Factory, the toilet paper dispenser centerline is about zero inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches, in violation of Federal Law 2010, ADAAG § 604.7.   Due to this condition, the Plaintiff could not reach the toilet paper from a normal sitting position on the toilet.

o.   In the women's restroom in The Cheesecake Factory, the coat hook is installed at about 55 inches above the finish floor and higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.4.   As a result of its height above the finish floor, the Plaintiff could not use this coat hook from his wheelchair.

36.   All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

37.   The discriminatory violations described in paragraph 35 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the

Plaintiff requires an inspection of the Defendants' places of public accommodation to determine all of the areas of non-compliance with the Americans with Disabilities Act.

38.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

39.     Defendants have discriminated against the individual by denying individuals access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

40.     Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

41.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

42.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

44.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

45.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter The Cheesecake Factory and adjacent parking areas and walking surfaces, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that at the commencement of the subject lawsuit the Defendants are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to require the Defendants to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Kansas City, Kansas as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze
Robert J. Vincze (KS #14101)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*